## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:13-CV-777-D

| | |
|---|---|
| MICHELE P. PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| PETSMART, | ) |
| | ) |
| Defendant. | ) |

On November 7, 2013, Michele P. Parks ("Parks") filed a pro se complaint alleging that she fell while shopping in a PetSmart store in Cary, North Carolina on January 31, 2009. See [D.E. 4]. Parks attributes her fall to PetSmart's negligence and seeks damages. Id. On December 9, 2013, PetSmart filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See [D.E. 8]. On January 6, 2014, Parks replied [D.E. 12]. As explained below, the court grants PetSmart's motion to dismiss and dismisses the complaint for failure to state a claim upon which relief can be granted.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis

v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, a federal court first must determine whether it has subject-matter jurisdiction. See, e.g., Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Parks, as the party asserting subject-matter jurisdiction, must prove that it exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1988); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

PetSmart seeks dismissal of the complaint based on Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co., 523 U.S. at 89 (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555–56; Coleman, 626 F.3d at 190; Giarratano, 521 F.3d at 302; Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, 591 F.3d at 255; see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

In moving to dismiss under Rule 12(b)(1), PetSmart relies on the doctrine of res judicata and notes that Parks filed a complaint in Wake County Superior Court on January 12, 2012, and raised

2

the same negligence claim against PetSmart. See [D.E. 8-1]. On August 3, 2012, the Wake County Superior Court dismissed the complaint with prejudice because Park failed to comply with Rule 4 of the North Carolina Rules of Civil Procedure. See [D.E. 8-2]; Parks v. PetSmart, Inc., 748 S.E.2d 774, 2013 WL 3356874 (N.C. Ct. App. 2013) (unpublished table decision). Parks appealed, and the North Carolina Court of Appeals affirmed. See [D.E. 8-2]. On October 14, 2013, the Supreme Court of North Carolina denied discretionary review. See [D.E. 8-3]; Parks v. PetSmart, Inc., 748 S.E.2d 555 (N.C. 2013). Accordingly, PetSmart argues that this court lacks subject-matter jurisdiction based on the doctrine of res judicata.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (alteration and quotation omitted); see Montana v. United States, 440 U.S. 147, 153 (1979). As the Fourth Circuit has stated:

[T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). Thus, the doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979), superseded on other grounds by statute, Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2682 (1978); Pueschel, 369 F.3d at 354.

Res judicata is an affirmative defense, not a limit on subject-matter jurisdiction. See, e.g., Clodfelter v. Republic of Sudan, 720 F.3d 199, 209 (4th Cir. 2013); Laber v. Harvey, 438 F.3d 404, 426 n.22 (4th Cir. 2006) (en banc). Accordingly, the court denies PetSmart's motion under Rule

3

12(b)(1). Nonetheless, as an affirmative defense, the court may consider the defense under Rule 12(b)(6). Here, the parties are identical, the claim is identical, and Parks fully litigated the claim and lost in North Carolina courts. Thus, res judicata bars Parks's claim.

Alternatively, PetSmart argues that North Carolina's three-year statute of limitations applies to Parks's negligence claim. See [D.E. 8] 2; N.C. Gen. Stat. § 1-52; Register v. White, 358 N.C. 691, 696–97, 599 S.E.2d 549, 554 (2004); Scott & Jones, Inc. v. Carlton Ins. Agency, Inc., 196 N.C. App. 290, 298, 677 S.E.2d 848, 853 (2009); Pompano Masonry Corp. v. HDR Architecture, Inc., 165 N.C. App. 401, 409, 598 S.E.2d 608, 613 (2004). Given that the alleged negligent conduct occurred on January 31, 2009, and that Parks did not file her federal complaint asserting a negligence claim until November 7, 2013, the three-year statute of limitations bars Parks's claim.

In sum, the court GRANTS PetSmart's motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 8]. The clerk shall close the case.

SO ORDERED. This **12** day of February 2014.

JAMES C. DEVER III
Chief United States District Judge

Case 5:13-cv-00777-D  Document 14  Filed 02/12/14  Page 4 of 4